**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

**Southern Division**

| | |
|---|---|
| **KIM NOLET** | * |
| 2830 Dragon Fly Way | |
| Odenton, MD 21113 | * |
| | |
| And | * |
| | |
| **GERVON FOX** | * |
| 8307 Founders Woods Way | |
| Fort Washington, MD 20744 | * |
| | |
| And | *   Case No.: |
| | |
| **YVETTE HILL** | * |
| 9911 51st Terrace | |
| College Park, MD 20740 | * |
| | |
| And | * |
| | |
| **DEBORAH FOX** | * |
| 9911 51st Terrace | |
| College Park, MD 20740 | * |
| | |
| *Plaintiffs*, | * |
| | |
| v. | * |
| | |
| **APS SOLUTIONS, INC.** | * |
| 45 Nicole Lane | |
| Wingdale, NY 12594 | * |
|     Serve on: | |
|     Michael Higgs, Director | * |
|     Maryland State Dept. of | |
|     Assessments and Taxation | * |
|     301 W. Preston Street, Suite 801 | |
|     Baltimore, MD 21201 | * |
| | |
| And | * |
| | |
| **VINCENT CACCAMO** | * |
| 45 Nicole Lane | |
| Wingdale, NY 12594 | * |

And   *

**STEPHANIE BOLDIS CACCAMO**   *
45 Nicole Lane
Wingdale, NY 12594   *

    *Defendants*.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs Kim Nolet, Gervon Fox, Yvette Hill, and Deborah Fox, by and through their attorneys Matthew D. Skipper and Skipper Law LLC, hereby file this complaint against Defendants APS Solution, Inc., Vincent Caccamo and Stephanie Boldis Caccamo and in support thereof respectfully states as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, who have been employed by Defendants APS Solutions, Inc. ("APS"), and its owners, Vincent Caccamo ("Mr. Caccamo") and Stephanie Boldis Caccamo. ("Ms. Caccamo"), bring this action for declaratory and monetary relief for Defendants' willful failure to pay wages as required by Federal and/or State law.

2. This action also arises from Defendants' violation of Plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. § 3-501 *et seq*.

3. Plaintiffs bring this action to recover unpaid wages, liquidated damages or interest, attorneys' fees and costs, and treble damages under Maryland Wage and Hour Laws (Md. Code Ann., Lab. & Empl. § 3-427 and § 3-507.1) for Defendant's willful failure to pay them in accordance with Maryland and Federal law.

**JURISDICTION AND VENUE**

4. This Honorable Court has subject matter jurisdiction over Plaintiff's claims pursuant to 29 U.S.C . § 201 *et seq.*, 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 28 U.S.C. § 1367. The FLSA provides that an action to recover liability "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself and others similarly situated." 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendants transact business in this district, Plaintiffs were employed by Defendants in this District, and most of the actions complained of were conducted within this district.

**PARTIES**

6. Plaintiff Kim Nolet is a resident of Odenton, Anne Arundel County, Maryland and was a non-exempt employee of APS from approximately August 20, 2018 to March 9, 2019. At all times relevant hereto, Plaintiff was an "employee" as defined in 29 U.S.C. § 203(e).

7. Plaintiff Deborah Fox is a resident of College Park, Prince George's County, Maryland and was a non-exempt employee of APS from approximately May 25, 2018 to March 8, 2019. At all times relevant hereto, Plaintiff was an "employee" as defined in 29 U.S.C. § 203(e).

8. Plaintiff Yvette Hill is a resident of College Park, Prince George's County, Maryland and was a non-exempt employee of APS from approximately May 7, 2018 to June 12, 2019. At all times relevant hereto, Plaintiff was an "employee" as defined in 29 U.S.C. § 203(e).

9. Plaintiff Gervon Fox is a resident of Fort Washington, Prince George's County, Maryland and was a non-exempt employee of APS from approximately September 28, 2018 to March 8, 2019. At all times relevant hereto, Plaintiff was an "employee" as defined in 29 U.S.C. § 203(e).

10. Defendant Arenas, Parks and Stadium Solutions, Inc. ("APS") is a New York corporation with its principal place of business at 45 Nicole Lane, Wingdale, NY 12594. At all times relevant hereto, the Defendant was an "employer" as defined in 29 U.S.C. § 203(d). As APS is not registered to do business in the state of Maryland, it may be served with process by substituted on the State Department of Assessments and Taxation pursuant to Md. Rule 2-124 and Rule 4 of the Federal Rules of Civil Procedure.

11. Defendant Vincent Caccamo is a New York resident, living in Wingdale, NY 12594. He is the founder and COO of APS and is an "employer" under the applicable statutes.

12. Defendant Stephanie Boldis Caccamo is a New York resident, living in Wingdale, NY 12594. She is the CEO and co-owner of APS and is an "employer" under the applicable statutes.

## STATEMENT OF FACTS

13. Defendant APS is a contractor that provides many services for property owners, including many large-scale projects. Vincent Caccamo is the founder and COO of APS.

14. Stephanie Boldis Caccamo is CEO and co-owner of APS.

15. Plaintiff Yvette Hill began to work for APS on or about May 7, 2018.

16. Plaintiff Deborah Fox began to work for APS on or about May 25, 2018.

17. Plaintiff Kim Nolet began to work for APS on or about August 20, 2018.

18. Plaintiff Gervon Fox began to work for APS on or about September 28, 2018.

19. All Plaintiffs stopped receiving wages from APS on or about January 18, 2019.

20. All Plaintiff have been requesting unpaid wages from Defendants since January 18, 2019.

21. When responding to Plaintiffs' request for unpaid wages, Defendants told the Plaintiffs to "be patient", as they were "trying to get it to [them]."

22. Defendants revoked Plaintiff Nolet's access to her work email on or about March 8, 2019, at which point Plaintiff Nolet ceased work for APS.

23. Defendants revoked Plaintiff Deborah Fox's access to her work email on or about March 8, 2019, at which point Plaintiff Deborah Fox ceased work for APS.

24. Defendants revoked Plaintiff Gervon Fox's access to her work email on or about March 8, 2019, at which point Plaintiff Gervon Fox ceased work for APS.

25. Defendants revoked Plaintiff Hill's access to her work email on or about June 12, 2019, at which point Plaintiff Hill ceased work for APS.

26. Defendants have not formally terminated any of the Plaintiffs from their positions with APS.

27. Defendants have willfully, deliberately, and intentionally refused to pay Plaintiffs for time actually worked.

28. Defendants knew or should have known that Plaintiffs were entitled to compensation for time worked.

29. Other employees of Defendants have claimed wage and hour law violations in the past, and Defendants are fully aware of the state and federal wage and hour laws.

30. Given the Defendants' history of failing to pay wages, their involvement in other litigation arising from similar claims and the complete absence of any good-faith dispute regarding Plaintiffs' entitlement to the wages, the failure to pay wages for all time worked is intentional, willful and without justification.

31. Plaintiffs are owed compensation for time actually worked but not paid and back wages by Defendants, who willfully and knowingly withheld those wages.

## COUNT I—FAIR LABOR STANDARDS ACT (FLSA)

*All Plaintiffs sue all Defendants*

32. Plaintiffs incorporate by reference the allegations set forth above.

33. That the Defendants violated FLSA by knowingly failing to compensate Plaintiffs for all time worked.

34. That at all times relevant hereto, Defendants were and are employers within the meaning of the FLSA, 29 U.S.C. § 203, and are subject to the provisions of such Act.

35. That at all times relevant hereto, Plaintiffs were employees of Defendants, as defined by the FLSA, 29 U.S.C. § 203.

36. That Defendants' failure to compensate Plaintiffs for all compensable hours violates the minimum wage provisions of the FLSA, as amended, and the regulations thereunder.

37. As a result of Defendants' willful and knowing failure to properly compensate Plaintiffs, Plaintiffs have suffered substantial delays in receipt of wages owed and damages.

38. Pursuant to the FLSA, as amended, Defendants owe Plaintiffs for all unpaid time (regular and overtime), an additional amount equal to liquidated damages, together with an additional sum for attorneys' fees and costs.

## COUNT II—MARYLAND WAGE AND HOUR LAW

*All Plaintiffs sue all Defendants*

39. Plaintiffs incorporates by reference the allegations set forth above.

40. Defendants have failed to pay Plaintiffs wages due in violation of the Maryland Wage and Hour Law.

41. Defendants are liable to Plaintiffs pursuant to the Maryland Wage and Hour Law for their unpaid compensation, plus interest, costs, reasonable attorney's fees, and any other relief deemed appropriate.

### COUNT III—MARYLAND WAGE PAYMENT AND COLLECTION ACT

*All Plaintiffs sue all Defendants*

42. Plaintiff incorporates by reference the allegations set forth above.

43. The Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. 3-501 *et seq*. requires that an employer pay an employee's wage at regular pay periods. "Wage" is defined as "all compensation that is due to an employee for employment." Md. Code Ann., Labor & Empl. § 3-501(c).

44. By failing to pay Plaintiffs their wages when due, Defendants violated the Maryland Wage Payment and Collection Law.

45. Pursuant to the Maryland Wage Payment and Collection Law, employers such as Defendants must give notice of the regular rate of pay and pay that promised rate for all hours worked in every pay period.

46. Defendants have failed to pay Plaintiffs their promised wage rate for all hours worked.

47. By failing to compensate Plaintiffs at their promised wage rate for all hours worked, Defendants have made unlawful deductions from Plaintiffs' pay in violation of the Maryland Wage Payment and Collection Law.

48. Defendants failed to pay the Plaintiffs' wages willfully and in bad faith and not as the result of a bona fide dispute.

49.     Pursuant to the Maryland Wage Payment and Collection Law, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by this Honorable Court.

## **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiffs;

(b) Order Defendants to pay the Plaintiffs an amount equal to triple the amount of unpaid minimum wages owed each Plaintiff under the FLSA, after an accounting has been performed, as Plaintiffs are entitled to such damages under MWPCL, exclusive of minimum wage under the FLSA;

(c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____/S/_____
Matthew D. Skipper
Bar No. 29866
Skipper Law, LLC
2110 Priest Bridge Drive, Suite 2
Crofton, Maryland 21114
T: (443) 274-6106
F: (443) 292-4735
matt@skipperlawllc.com
*Counsel for Plaintiffs*